IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**SUSAN L. BAILEY,**

        Plaintiff,

**v.**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

        Defendant.

**CIVIL ACTION NO.: 2:17-CV-112 (BAILEY)**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

This case arises from a civil monetary penalty imposed on Plaintiff Susan L. Bailey ("Plaintiff") for the overpayment of social security benefits. After the penalty was imposed, Plaintiff challenged the Social Security Administration's ("the SSA") attempt to collect that debt by withholding her social security benefits. After proceeding through the administrative process, a United States Administrative Law Judge ("the ALJ") concluded that Plaintiff was at fault for the overpayment of benefits, and she was not entitled to have the recovery of said overpayment waived. Now, Plaintiff seeks judicial review of the ALJ's decision. Because the ALJ's decision is supported by substantial evidence, the undersigned recommends that Plaintiff's Motion for Summary Judgment be denied and Defendant's Motion for Summary Judgment be granted.

## II.   **FACTS & PROCEDURAL HISTORY**[1]

From February 2010 to January 2012, Plaintiff also received $15,526.00 in social security insurance ("SSI") on behalf of a minor, T.C., serving as his representative payee. R. 241. But T.C. was removed from Plaintiff's custody in February 2010 and transferred to the legal (and physical) custody of Columbiana County Jobs and Family Services ("Columbiana"). R. 241. Although Plaintiff returned the January 2012 SSI payment, the other $15,526.00 was not saved or paid forward to Columbiana. R. 241.

The Office of the Inspector General ("OIG") conducted an investigation and determined that Plaintiff improperly converted twenty-three of T.C.'s SSI payments for her own use. R. 215. Then, in June 2013, OIG notified her that it would impose a penalty of $47,000.00 and an assessment in lieu of damages of only $15,526.00 against her, rather than the maximum penalty of $115,000.00 and the maximum assessment in lieu of damages of $31,052.00. R. 215–16; 241. The letter enclosed a financial disclosure form for Plaintiff to complete and return to OIG at the requested address. R. 215–16. In addition, the letter said that it would forward the matter to the Counsel to the Inspector General for a final determination, if they did not hear from Plaintiff in thirty days. R. 216.

Although Plaintiff completed and returned the financial disclosure form as requested, R. 212, she did not otherwise contact OIG within thirty days. Later that year, in September 2013, OIG again notified Plaintiff that it would impose a penalty of $47,000.00 and an assessment in lieu of damages of only $15,526.00 against her, for a total civil monetary penalty of $62,526.00. R. 211–13. In that letter, OIG informed

---

[1] The undersigned only recites the facts relevant to issues addressed in this report and recommendation.

Plaintiff of her right to contest the civil monetary penalty and assessment, by sending a written request for a hearing to the U.S. Department of Health and Human Services ("DHHS") within sixty days. R. 213. And, the letter warned: "**If you do not request a hearing within the 60-day period, the proposed civil monetary penalty and assessment will be imposed upon you. You will have no right to an administrative appeal after that time.**" R. 213 (emphasis in original). Despite those specific instructions, Plaintiff attempted to contest the civil monetary penalty by speaking with her local Social Security office and reaching out to OIG by telephone and letter dated October 7, 2013. R. 223, 225. That letter was sent to Counsel to the Inspector General in New York, New York, not DHHS. R. 225.

In February 2014, the SSA informed Plaintiff that it had been notified of OIG's civil monetary penalty of $62,526.00, and it would withhold her social security benefits to collect the debt. R. 218–20. The next month, Plaintiff filed a request for reconsideration of the SSA's decision to collect OIG's civil monetary penalty by withholding her benefits. R. 221–25. That request was denied. R. 229–31. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). R. 232. That hearing was held in September 2015. R. 297–309. Three months later, the ALJ issued his decision, R. 13–17, concluding that Plaintiff was at fault for the overpayment of benefits and, therefore, she was not entitled to have the recovery of the overpayment waived, R. 16–17. In June 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. R. 4–7.

Less than two months later, Plaintiff, through counsel, Dean G. Makricostas, Esq., filed a Complaint in this Court to obtain judicial review of the Commissioner's final

decision pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) (2015). Compl., ECF No. 1. In November, the Commissioner, through counsel Helen Campbell Altmeyer, Assistant United States Attorney, filed her Answer and the Administrative Record. Answer, ECF No. 5; Admin. R., ECF No. 6. Plaintiff and the Commissioner filed their Motions for Summary Judgment in January 2018, and March 2018, respectively. Pl.'s Br., ECF No. 12; Def.'s Mot. Summ. J., ECF No. 15. Plaintiff filed a response to the Commissioner's motion one week later. Pl.'s Resp. to Def.'s Mot. Summ. J., ECF No. 19. According to Plaintiff, she repaid approximately $42,142.50 to the SSA to date. ECF No. 12 at 5.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Civil Procedure 9.02(a). Having reviewed the parties' motions and the administrative record, the undersigned now issues the following Report and Recommendation.

### III.   ADMINISTRATIVE LAW JUDGE'S DECISION

First, the ALJ concluded that Plaintiff was overpaid benefits in the amount of $69,686.00 from March 2010 to April 2012. R. 16. In support, the ALJ emphasized that Plaintiff did not contest that she was, in fact, overpaid benefits, and, instead, argued that she was entitled to have the recovery of said benefits waived because she was not at fault for the overpayment. R. 16. Second, the ALJ concluded that Plaintiff was at fault for the overpayment of benefits because she failed to report her 2011 and 2012 employment, which had an effect on her retirement insurance benefits, and continued to receive SSI benefits on behalf of T.C., and convert them for her own use, even though

he had been removed from her custody in February 2010. R. 16–17. Third, the ALJ concluded that Plaintiff was not entitled to have the recovery of the overpaid benefits waived. R. 17.

## IV.   DISCUSSION

### A.   Scope of Review

When reviewing the Commissioner's final decision, the scope of review is limited to determining whether the ALJ applied the proper legal standards and whether the ALJ's factual findings are supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). A "factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Likewise, a factual finding by the ALJ is not binding if it is not supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is "'such relevant evidence as a reasonable mind might accept to support a conclusion.'" Id. (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Elaborating on this definition, the United States Court of Appeals for the Fourth Circuit has stated that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a jury verdict were the case before a jury, then there is 'substantial evidence.'" Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). When determining whether substantial evidence exists, a court must "not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ['s]." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (citation omitted).

**B.     Contentions of the Parties**

In her motion for summary judgment, Plaintiff argues that she is entitled the relief on three grounds: First, she argues that the Commissioner abused her discretion by not vacating or reducing the civil penalty of $47,000.00 assessed by OIG. ECF No. 12 at 1. Second, she argues that the Commissioner's decision is not supported by substantial evidence because there is no evidence of fraud. Id. at 1–2. Third, she argues that the Commissioner abused her discretion by not taking into account Plaintiff's efforts to contest the civil penalty, which is unjustified and excessive. Id. at 2. Based on these alleged errors, Plaintiff asks this Court to vacate the civil penalty or, in the alternative, reduce the award and direct that no further benefits be suspended. Id. at 7.

Conversely, the Commissioner argues that the ALJ's decision is supported by substantial evidence. See generally Def.'s Br. Supp. Mot. Summ. J, ECF No. 16. Specifically, the Commissioner argues that Plaintiff waived the right to contest the civil penalty when she failed to file a request for a hearing with DHHS within sixty days of receiving OIG's September 2013 letter. Id. at 6. Because Plaintiff waived her right to contest the civil penalty, the Commissioner argues that the only issue before the court is whether substantial evidence supports the ALJ's determination that Plaintiff was at fault and not entitled to waiver. Id. And the Commissioner argues that substantial evidence supports the conclusion that Plaintiff was at fault because Plaintiff continued receiving benefits on behalf of T.C. even though he was no longer in her custody. Id. at 7–10. Accordingly, the Commissioner requests this Court to grant her summary judgment and affirm the ALJ's decision. Id. at 11.

In response, Plaintiff only argues that the Commissioner is not entitled to summary judgment because a genuine issue of material fact exists as to whether Plaintiff filed a timely request for a hearing to contest the civil penalty imposed by OIG. ECF No. 19 at 2.

The undersigned addresses each argument, in turn, below.

**C.     The ALJ's Decision is Supported by Substantial Evidence**

    **1. Plaintiff Waived Her Right to Challenge the Civil Penalty Imposed by OIG**

First, Plaintiff argues that the Commissioner abused her discretion by not vacating or reducing the $47,000.00 civil penalty imposed by OIG, which Plaintiff insists is unjustified and excessive. ECF No. 12 at 1–2. In response, the Commissioner argues that Plaintiff has waived her right to challenge the civil penalty. Plaintiff's argument fails for two reasons.

First, this Court does not have jurisdiction to review the civil penalty imposed by OIG. Under § 405(g), this Court's review is limited to the "final" decision of the Commissioner, and the Commissioner's final decision at issue here did <u>not</u> impose the civil penalty Plaintiff wants to contest. That penalty was imposed by OIG. R. 218–20. Instead, the Commissioner's final decision here only addressed whether Plaintiff was entitled to have the recovery of the civil penalty and assessment waived because she was not at fault for the overpayment of benefits. R. 13–17. Thus, this Court's review is limited to whether the ALJ's decision addressing that question is supported by substantial evidence.

Second, even if this Court had jurisdiction, it is clear from the record that Plaintiff waived her right to contest the civil penalty imposed by OIG. OIG twice notified Plaintiff

7

by letter that it would impose a civil penalty of $47,000.00 and an assessment in lieu of damages of $15,526.00 against her, for a total civil monetary penalty of $62,526.00. R. 211–13, 215–16. Other than returning the requested financial disclosure form as requested, Plaintiff did not respond to OIG's June 2013 letter. R. 215–16. In its September 2013 letter, OIG informed Plaintiff of her right to contest the civil penalty by mailing a request for a hearing to DHHS, at the address provided, within sixty days. R. 213. That letter specifically warned: "**If you do not request a hearing within the 60-day period, the proposed civil monetary penalty and assessment will be imposed upon you. You will have no right to an administrative appeal after that time.**" R. 213 (emphasis in original). It is undisputed that Plaintiff did not send DHHS a timely request for a hearing to contest the civil penalty. Instead, Plaintiff contacted her local social security office, telephoned OIG, and sent a letter to Counsel to OIG in New York. R. 223, 225. But sending a letter to the wrong person at the wrong address is not legally sufficient to be considered a timely request for a hearing. Because Plaintiff did not file a timely request for a hearing with DHHS, she has waived the right to contest the civil penalty of $47,000.00.

Accordingly, the Court's review is limited to whether substantial evidence supports the ALJ's determination that Plaintiff was not entitled to waiver because she was at fault for the overpayment of benefits.

### 2. The ALJ Correctly Determined that Plaintiff is Not Entitled to Waiver

Although Plaintiff does not contest liability for the $15,526.00 overpayment of benefits, ECF No. 12 at 6, she argues that substantial evidence does not support the ALJ's decision because she was not at fault for the overpayment of benefits, see generally id. In support, Plaintiff argues that after T.C. was removed from her custody in

2010, she made repeated efforts to inform her local social security office, and other agencies, that T.C. was no longer in her custody and a new representative payee needed to be designated. R. 2–3.

Under the Social Security Act, the recovery of overpaid benefits will be waived if the individual who received the overpayment is (1) without fault, and (2) the recovery would defeat the purpose of Title II or be against equity and good conscience. 42 U.S.C. § 404(b); 20 C.F.R. § 404.506. An individual is at fault if the overpayment to the individual resulted from:

> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
>
> (b) Failure to furnish information which he knew or should have known to be material; or
>
> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507 (emphasis added).

In other words, an individual is at fault if their actions or inactions satisfy <u>one</u> of the above criteria. Here, Plaintiff satisfies all three. First, Plaintiff falsely stated on a representative payee form that T.C. was still residing with her even though he was removed from her custody in February 2010 and transferred to the custody of Columbiana. R. 211–12. Second, Plaintiff failed to notify the SSA that T.C. was no longer in her custody, and Plaintiff should have known that that information was material to receiving T.C.'s benefits as his representative payee. Indeed, Plaintiff's self-proclaimed efforts to have a new representative payee designated indicate that she knew that information was material. And third, it is undisputed that Plaintiff continued to

accept and receive T.C.'s SSI payments even though he was no longer in her custody. Instead of saving those payments to return to the SSA or forwarding them to T.C.'s new custodian, Columbiana, Plaintiff converted those payments for her own (or her husband's) use. Tellingly, Plaintiff concedes she is liable for the $15,526.00 overpayment of benefits. ECF No. 12 at 6. This concession effectively demonstrates that she knew—or should have known—that the overpayment of benefits was incorrect. Even if Plaintiff's efforts to have a new representative payee designated satisfied her obligation under subsection (b) to furnish material information, there's no doubt that Plaintiff is still at fault under subsections (a) and (c).

In short, substantial evidence supports the ALJ's determination that Plaintiff was at fault for the overpayment of benefits and, therefore, not entitled to waiver.

## V.     RECOMMENDATION

For the foregoing reasons, I find that the Commissioner's decision concluding that Plaintiff was at fault and not entitled to waiver is supported by substantial evidence. Accordingly, I **RECOMMEND** that Plaintiff's Motion for Summary Judgment [ECF No. 12] be **DENIED**, Defendant's Motion for Summary Judgment [ECF No. 15] be **GRANTED**, the decision of the Commissioner be **AFFIRMED** and this case be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to

timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 6th day of April, 2018.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE